**Foster D. HINSHAW, Plaintiff,**

v.

**Ronald B. KEITH and Dysart's Transportation, Inc., Defendants.**

**Civ. 84–0279–B.**

United States District Court, D. Maine.

Oct. 7, 1986.

---

Michael G. Messerschmidt, Robert Checkoway, Preti, Flaherty & Beliveau, Portland, Me., for plaintiff.

James M. Bowie, Portland, Me., for defendants.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE

CYR, Chief Judge.

On September 5, 1984, plaintiff filed a complaint alleging that on or about September 6, 1982, defendant Keith, an employee of Dysart's, negligently operated a motor vehicle on the Maine Turnpike, resulting in a collision with the plaintiff's vehicle and in personal injuries to the plaintiff. Subsequent to the filing of the complaint, it was stipulated by all parties that on November 5, 1982, defendant Keith was convicted of leaving the scene of the subject accident, in violation of Me.Rev.Stat. Ann. tit. 29, § 894. It is further stipulated that the conviction followed upon a plea of guilty entered on defendant's behalf through his attorney, that the attorney had been authorized to enter the plea, and that in doing so the attorney had not acted improperly.

On December 29, 1985, defendant Keith filed a motion *in limine,* asking that the plaintiff be prohibited from introducing the conviction in evidence, on the ground that such evidence is barred by Rule 803(22) of the Federal Rules of Evidence. The motion was granted on May 22, 1986, by order of the United States Magistrate. As plaintiff filed a timely objection to the Magistrate's decision, the court undertakes *de novo* review of the order granting defendant's motion *in limine.* 28 U.S.C. § 636(b).

### I.

Rule 803 of the Federal Rules of Evidence lists exceptions to the hearsay rule, including in pertinent part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (22) *Judgment of previous convictions.* Evidence of a final judgment, entered after a trial or upon a plea of guilty ... adjudging a person guilty of a crime punishable by death or imprison-

ment in excess of one year, to prove any fact essential to sustain the judgment. The Notes of the Advisory Committee state that "the direction of the decisions ... manifest an increasing reluctance to reject *in toto* the validity of the law's factfinding process outside the confines of res judicata and collateral estoppel." In explaining the limitation of the exclusion to felony convictions, the Notes add that "[p]ractical considerations require exclusion of convictions of minor offenses, not because the administration of justice in its lower echelons must be inferior, but because motivation to defend at this level is often minimal or nonexistent."

It is clear that, if determinative, Rule 803(22) would preclude admission of the judgment of conviction in the present case, since the crime of which defendant Keith was convicted was not a felony. However, Rule 803(22) is not a rule of exclusion, but rather an exception to the broad exclusionary rule known as the hearsay rule.

Although a judgment of conviction comes under the hearsay rule, Fed.R.Evid. 802, a plea of guilty is admissible on a different basis. Unwithdrawn guilty pleas in criminal cases have been held admissible in a subsequent civil suit arising out of the same factual situation, generally as an admission by a party-opponent under Rule 801(d)(2), and sometimes as a declaration against interest under Rule 804(b)(3).

In *Rain v. Pavkov*, 357 F.2d 506, 510 (3d Cir.1966), the court held such a plea admissible despite a state statute declaring a guilty plea in traffic offenses inadmissible. And in *McCormick v. United States*, 539 F.Supp. 1179, 1183 (D.Colo.1982), a case involving a truck driver's guilty plea to a charge of running a red light, the court held that "a guilty plea may be ... introduced in a subsequent civil proceeding as an admission," although "this admission

does not conclusively establish liability." *See also Hillyer v. David Phillips Trucking Co.*, 606 F.2d 619 (5th Cir.1979).

## II.

In granting the defendant's motion *in limine*, the Magistrate declared that there is a conflict between Rule 803(22) and Rules 801(d)(2) and 804(b)(3). This conflict is said to arise from the fact that Rule 803(22), although merely an exception to the hearsay rule, is based on a policy that has a wider application: namely, that evidence of a conviction for a minor offense should not be admissible in subsequent civil actions, because of the lack of motivation to contest on the part of the defendant. (*See* Magistrate's Order, at 3–4.) To hold that a guilty plea is admissible under Rule 801(d)(2) or Rule 804(b)(3), while a conviction is not, would undercut this policy and "would serve to negate the full import of Rule 803(22)." *Id.* at 4. Accordingly, the Magistrate recommended that " 'evidence of guilty pleas in nonfelony cases should not be allowed,' " either as admissions or as statements against interest. *Id.* at 3, *quoting* J. Weinstein & M. Berger, *Weinstein's Evidence* § 803(22)(01) at 803–354 to 803–355 (1985). Rather, the conflict between the rules should be resolved under Fed.R.Evid. 403 by "the application by the court of a *per se* rule that the result of the introduction of a guilty plea in this type of situation would be more prejudicial than probative." *Id.* at 5.

## III.

The only authority cited for creating a *per se* rule of the kind recommended is *Weinstein's Evidence, supra. Weinstein*, in turn, cites only four case notes to support its position.[1] *See id.* at nn.26 & 27. *Weinstein* acknowledges two cases which hold that guilty pleas in nonfelony cases are admissible in subsequent civil actions,

---

1. Note, *Admissibility and Weight of a Criminal Conviction in a Subsequent Civil Action*, 39 Va.L. Rev. 995 (1953); Note, *Evidence: Judgments: Admissibility in Evidence in a Civil Action of Party's Conviction of Traffic Infraction*, 35 Cornell L.Q. 872 (1950); Note, *Evidence—Traffic Infraction—Admissibility as Proof of Underlying Fact*, 16 Brooklyn L.Rev. 286 (1950); Note, *Admissibility of Traffic Conviction as Proof of Facts in Subsequent Civil Action*, 50 Colum.L.Rev. 529 (1950).

*Rain v. Pavkov,* 357 F.2d 506 (3d Cir.1966), and *M.F.A. Mutual Insurance Co. v. Dixon,* 243 F.Supp. 806 (W.D.Ark.1965), but merely concludes, without explication, that "[t]hese decisions should not be followed," *id.* at n. 28. *Weinstein* notwithstanding, the fact is that these two cases represent current law on this issue. Indeed, *all* case law interpreting the Federal Rules of Evidence on the issue of the admissibility of guilty pleas in nonfelony traffic cases holds that such pleas may be admitted either as admissions under Rule 801(d)(2) or as statements against interest under Rule 804(b)(3). *See Rain v. Pavkov,* 357 F.2d 506 (3d Cir.1966); *Dunham v. Pannell,* 263 F.2d 725 (5th Cir.1959); *Levelle v. Powers,* 248 F.2d 774 (10th Cir.1957); *McCormick v. United States,* 539 F.Supp. 1179 (D.Colo. 1982); *M.F.A. Mutual Insurance Co. v. Dixon,* 243 F.Supp. 806 (W.D.Ark.1965); *see also Hillyer v. David Phillips Trucking Co.,* 606 F.2d 619 (5th Cir.1979); *Sharp v. Frazier,* 519 F.Supp. 74 (E.D.Tenn.1981).

*Weinstein* also states, however, that "[c]are should be taken not to confuse the issue of the admissibility of a prior criminal conviction and of an unwithdrawn plea of guilty," *Weinstein's Evidence, supra,* § 401(06) at 410–38, thus tacitly recognizing the importance of the distinction between the two. In explaining the reason for the distinction, the commentary quotes Judge Wisdom in *Dunham v. Pannell,* 263 F.2d at 730: "A plea of guilty … is not offered to prove the facts recited in the charge, but to prove that the offender … *admitted* the facts." *Id.* at 410–39. And the commentary finds "persuasive" the following statement by Judge Fuld, in *Ando v. Woodberry,* 8 N.Y.2d 165, 203 N.Y.S.2d 74, 78, 168 N.E.2d 520, 524 (1960), upholding the admissibility of such a plea: "If voluntarily and deliberately made, the plea was a statement of guilt, an admission by the defendant that he committed the acts charged, and it should be accorded no less force or effect than if made outside of court to a stranger." *Id.*

Another purpose served by refraining from the imposition of a *per se* rule is that the admission of such evidence gives the jury the opportunity to decide questions of fact on a more fully adequate evidentiary basis. As Judge Fuld stated: "To the claim that the jury will be unduly prejudiced by the introduction of a plea of guilt despite the opportunity to explain it away, we content ourselves with the statement that this underestimates the intelligence of jurors." 168 N.E.2d at 524.

The court possesses discretionary power, *see* Fed.R.Evid. 403, to determine whether the probative value of a guilty plea to a traffic-related nonfelony charge is outweighed, *inter alia,* by the risk of unfair prejudice. *See Hillyer v. David Phillips Trucking Co.,* 606 F.2d 619 (5th Cir.1979). Therefore, it seems to the court altogether inadvisable to create a hard-and-fast rule that such pleas should not be allowed as admissions or as statements against interest.

It is to be expected that the competing policy considerations underlying particular rules of evidence will result in tensions in the application of these rules. Although judicial establishment of a *per se* rule would resolve the rules conflict once and for all, by giving complete sway to one rule over another, the resultant eclipse of certain policy considerations in favor of others seems too high a price to pay. It seems preferable as a jurisprudential matter that the court balance the competing policy considerations reflected in these rules of evidence on a case-by-case basis, rather than by recourse to a *per se* rule.

## IV.

In *Morrell v. Marshall,* 501 A.2d 807 (Me.1985), the Maine Supreme Judicial Court held under Me.R.Evid. 803(22), which is essentially identical to its federal counterpart, that evidence of a traffic infraction adjudication is inadmissible hearsay in a subsequent civil action arising out of the same set of facts. Of course, state rules of admissibility are not controlling in a federal court applying federal procedural rules. *See Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). And in the

event of a conflict between state and federal law, "the rule which favors admissibility must be followed." *Rain v. Pavkov,* 357 F.2d 506, 510 (3d Cir.1966). But since the Magistrate found the *Morrell* decision "persuasive" (Magistrate's Order, at 2), it is appropriate to consider *Morrell* in greater depth.

In *Morrell,* the defendant Marshall was adjudicated, after trial, as having violated Maine's "failure to yield" statute, Me.Rev. Stat.Ann. tit. 29, § 941. He was fined $250 and his license was suspended for 60 days.

The issue before the Law Court in *Morrell* was whether evidence of the adjudication was admissible as an exception to the hearsay rule, under Me.R.Evid. 803(22). Since Me.R.Evid. 803(22) creates a hearsay exception only for judgments "punishable by death or imprisonment of one year or more," Marshall's adjudication clearly was not admissible under Me.R.Evid. 803(22).

For present purposes, the salient fact in *Morrell* is not that evidence of Marshall's adjudication was held inadmissible, but that Marshall had not entered a guilty plea in the earlier proceeding. For that reason, the admissibility of the adjudication was controlled by Rule 801 (definition of hearsay) and by Rule 803(22).

In the present case the distinguishing circumstance is that the defendant entered a guilty plea in the prior nonfelony traffic-related proceeding. The guilty plea constituted an admission by a party-opponent, which is not hearsay. *See* Fed.R. Evid. 801(d)(2); Me.R.Evid. 801(d)(2). Consequently, *Morrell,* while good law, is neither directly relevant nor persuasive in the present context.

### V.

The court holds that an unwithdrawn guilty plea made to a nonfelony charge may be admissible as evidence in a subsequent civil suit arising out of the same factual situation, as a nonhearsay admission pursuant to Fed. R. Evid. 801(d)(2). In the present case, it is stipulated that defendant Keith entered a plea of guilty to the charge of leaving the scene of an accident, in violation of Me. Rev. Stat. Ann. tit. 29, § 894. This plea constitutes an admission by a party-opponent under Fed. R. Evid. 801(d)(2) and therefore is not inadmissible hearsay. Whether the guilty plea should be admitted in the circumstances of this case may depend upon a balancing of the considerations contemplated by Fed. R.Evid. 403, which task is better left to trial.

Accordingly, the order of the U.S. Magistrate granting defendant's motion *in limine* is vacated, and defendant's motion *in limine* is hereby *DENIED.*